IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WEBSTER TERRELL JOHNSON, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:21-CV-891-O |
| § | (NO. 4:19-CR-126-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Webster Terrell Johnson, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:19-CR-126-O, and applicable authorities, finds that the motion should be denied.

**I.   BACKGROUND**

The record in the underlying criminal case reflects the following:

On April 24, 2019, movant was named in a three-count indictment charging him with bank robbery, in violation of 18 U.S.C. § 2113(a). CR Doc.[1] 25. On May 1, 2019, he entered a plea of not guilty. CR Doc. 31. Later, on May 29, 2019, he changed his plea to guilty as to counts 1 and 3 of the indictment. CR Doc. 46. Movant and his attorney signed a factual resume that specifically stated that movant could receive a sentence of up to 20 years on each count, which could run

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-126-O.

1

consecutively. CR Doc. 42. Movant and his attorney also signed a plea agreement with waiver of appeal, which provided the same information. CR Doc. 43. At rearraignment, movant testified under oath that he had read and understood the factual resume and the plea agreement. CR Doc. 69. He further testified that he understood the penalties he faced and that, outside of the plea agreement, no one had made any promise or assurance of any kind to induce him to plead guilty. Movant testified that he was aware that the Court could impose a sentence above the guideline range and that he could not withdraw his plea should he receive a sentence more than he expected. *Id.*

Movant was sentenced to a term of imprisonment of 120 months as to each of counts 1 and 3, to be served concurrently, and consecutive to the sentence imposed in Case No. 4:15-CR-066-Y. CR Doc. 62. He appealed. CR Doc. 64. His attorney filed an *Anders*[2] brief and was allowed to withdraw. The appeal was dismissed as frivolous. *United States v. Johnson*, 804 F. App'x 283 (5th Cir. 2020).

## II. GROUND OF THE MOTION

Movant alleges that his guilty plea was not knowingly, intelligently, and voluntarily entered as a result of ineffective assistance of counsel. Doc.[3] 1 at 7. In support, he argues that his counsel "misadvised" him that he would receive a sentence of 60 months as the undersigned "does not go outside the guidelines." Doc. 2 at 1. Also, counsel failed to advise him that his sentence could run consecutively to the sentence imposed on revocation of supervised release in Case No. 4:15-CR-066-Y. *Id.* at 2.

---

[2] *Anders v. California*, 386 U.S. 738 (1967).
[3] The "Doc.__" reference is to the number of the item on the docket in this civil action.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

3

would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV.   ANALYSIS**

In support of his motion, movant contends that his plea of guilty was not knowing, voluntary, and intelligent because of the gross misadvice of his counsel. Doc. 2. In his declaration, movant says that his counsel "assured" him that he would receive 60 months if he pleaded guilty. *Id.* at 9. Even if true, what movant says does not vitiate his plea. A plea is not rendered involuntary because of an erroneous estimate by counsel of the length of sentence. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *abrogated on other grounds*, *Glover v. United States*, 531 U.S. 198 (2005); *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). A prediction, prognosis, or

4

statement of probabilities does not constitute an actual promise. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989).

Any contention that movant's plea was not knowing, intelligent, and voluntary is belied by the record. Movant testified under oath that he understood that he should never depend or rely upon any statement or promise as to what penalty would be assessed against him; that he understood his guideline range could not be determined until the PSR was prepared; and that the Court could take into account facts other than the stipulated facts and that movant would not have a right to withdraw his plea if his sentence was more severe than he anticipated. Further, he understood that he could be sentenced to a term of imprisonment of up to twenty years on each count, which could run consecutively. CR Doc. 69. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume and plea agreement. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985). Both set forth the penalties to which movant was subject. CR Doc. 42; CR Doc. 43. The plea agreement specifically explained the Court's sentencing discretion and role of the guidelines. CR Doc. 43 at 2. Further, the plea agreement recited that movant's plea was freely and voluntarily made and was not the result of any guarantees or promises from anyone as to what sentence the Court would impose. *Id.* at 5–6. And, at the time he pleaded guilty, Judge Means had already revoked his term of supervised release in Case No. 4:15-CR-066-Y and sentenced him to a term of imprisonment of 24 months to run consecutively to whatever sentence the undersigned might impose. CR Doc. 52, ¶ 60.

For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove:

"(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). That is the case here. The "evidence" movant has submitted is wholly insufficient to raise an issue for an evidentiary hearing. Neither his declaration nor the statement of his mother[4] provides any specific information. Doc. 2 at 9; Doc. 5-1.

      Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). And, he could not show prejudice, as there is no reason outside movant's *ipse dixit* to believe that he would have insisted on going to trial but for counsel's alleged representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The evidence against movant was overwhelming and his allegation that he "did not want to plea [sic] guilty because he was innocent" is ludicrous. Doc. 1 at 1.

---

[4] The document is one conclusory paragraph bearing the purported signature of movant's mother and a notary seal with the statement that the mother had appeared before the notary on July 21, 2021. There is no jurat or other indication that the mother was sworn or declared her statements to be true. Doc. 5-1. But, even if properly notarized, the statement does not provide facts sufficient to contradict movant's statements under oath in open court.

## V.  CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 7th day of February, 2022.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**